UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:08-CV-58-R

IMPERIAL GAS RESOURCES, LLC, et al.                                         APPELLANTS

v.

WARREN PRODUCERS, INC., et al.                                               APPELLEES

**OPINION AND ORDER**

Imperial Gas Resources, Inc., Neal Energy LLC, Wevanco Energy LLC, and David L. Neal ("Appellants") filed this appeal from the United States Bankruptcy Court for the Western District of Kentucky (Docket #1) and filed a Brief in support of the appeal (Docket # 8). Warren Producers, Inc., Ector Investors, LP, and Warren Exploration, LLC ("Appellees") filed a motion to dismiss the appeal (Docket # 6) and a Response Brief (Docket # 11). Appellants have filed a response to the motion to dismiss (Docket # 12) and a Reply Brief (Docket # 16). Appellees have filed a reply to the motion to dismiss (Docket # 17). This matter is ripe for adjudication. The Court now GRANTS Appellees' motion to dismiss.

**BACKGROUND**

This case arises from a dispute over the proceeds from an oil and gas development project in Ector County, Texas. Appellants entered an agreement with Warren Producers, Inc. ("Debtor") and Warren Exploration, LLC ("Warren Exploration"), in which Appellants would use their best efforts to enable Debtor and Warren Exploration to obtain operator control of the lease of the oil and gas wells. The dispute is specifically over the ownership of certain oil proceeds held by BML, Inc. ("BML"), a purchaser of oil from the oil development project.

The original state court ligitation was brought in April 2004 by Ector Investors, L.P. against

BML in Ector County, Texas. Ector Investors is a limited partnership in which Warren Exploration is the general partner. On May 17, 2004, Appellants intervened in the litigation and alleged causes of action against Warren Exploration and Debtor.

On August 12, 2005, bankruptcy proceedings began for Debtor with the filing of an involuntary Chapter 7 Bankruptcy Petition in the Northern District of Texas. On March 28, 2006, the bankruptcy case was transferred to the Western District of Kentucky. Debtor removed the litigation pending in Ector County to the Norther District of Texas on May 23, 2006. The litigation was subsequently transfered to the Western District of Kentucky.

Appellants sought to remand this case to state court. After conducting a hearing on the issue, the bankruptcy court denied Appellants' Renewed Motion for Remand. Appellants did not timely appeal the bankruptcy court's order.

The bankruptcy court entered an order of interpleader on January 7, 2008. The order allowed BML to deposit the funds at issue in the litigation in the registry of the bankruptcy court, and dismissed BML from the litigation. Appellants appeal this order.

## ANALYSIS

Before the Court may reach the merits of this appeal, it must first determine whether it has jurisdiction over the matter. Jurisdiction over appeals from final judgments, orders, and decrees of bankruptcy courts is vested in federal district courts. 28 U.S.C. § 158(a)(1). District courts also have discretionary jurisdiction over appeals from interlocutory orders and decrees of bankruptcy courts. 28 U.S.C. § 158(a)(3); Fed. R. Bankr. P. 8001(b), 8003. If the appeal is from a final order, then jurisdiction is mandatory. However, if the appeal is from an interlocutory order, then jurisdiction is not mandatory and can be invoked only upon leave of the district court.

2

Appellants argue that the order of interpleader is a final order, which allows them to appeal as a matter of right. The final order requirement is considered "in a more pragmatic and less technical way in bankruptcy cases than in other situations." *In re Cottrell*, 876 F.2d 540, 541-42 (6th Cir.1989). The reason for this is that it would be waste of time and resources to review discrete portions of the action only after a plan of reorganization is approved. *In re Dow Corning*, 86 F.3d 482, 488 (6th Cir. 1996). As such, a bankruptcy order is final for the purposes of appeal when it "disposes of discrete disputes within the larger case." *Id.* An order for a discrete dispute is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *In re Julien Co.*, 146 F.3d 420, 422 (6th Cir. 1998) (citing *Catlin v. United States*, 324 U.S. 229, 233 (1945).

In this case, Appellants appeal the order dismissing BML from this litigation. However, the key dispute in this case is what party is entitled to BML's oil proceeds. The dismissal of BML did not resolve this dispute on the merits, leaving nothing for the bankruptcy court to do but execute the judgment. Therefore, the bankruptcy court's order of interpleader is an interlocutory order.

"An appeal from an interlocutory judgment, order, or decree of a bankruptcy judge as permitted by 28 U.S.C. § 158(a)(3) shall be taken by filing a notice of appeal . . . accompanied by a motion for leave to appeal prepared in accordance with Rule 8003." Fed. R. Bankr. P. 8001(b). Appellants did not file a motion for leave to appeal the bankruptcy court's interlocutory order of interpleader. However, the Court may consider a timely notice of appeal as a motion for leave to appeal. Fed. R. Bankr. P. 8003(c).

Appellants present the issue on appeal as whether the bankruptcy court has jurisdiction over a civil case where the debtor does not assert any claim and no claim is asserted against the debtor.

Appellants argue that the bankruptcy courts jurisdiction under 28 U.S.C. § 1334 is dependent on the litigation involving property of the estate and, therefore, affecting the administration of the estate.

There is "no doubt that Congress intended to grant to the district courts broad jurisdiction in bankruptcy cases." *In re Salem*, 783 F.2d 626, 634 (6th Cir. 1986). Congress granted "comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995). As such, the bankruptcy courts have jurisdiction over all civil proceedings related to cases under title 11. 28 U.S.C. § 1334(b). "An action is 'related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *In re Dow Corning Corp.*, 86 F.3d 482, 489 (6th Cir. 1996) (citing *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)). This does not necessarily require that the debtor be a party in the litigation, or for the litigation to involve the debtor's property.

The Supreme Court has stated that proceedings "related to" a bankruptcy proceeding includes "suits between third parties which have an effect on the bankruptcy estate." *Celotex*, 514 U.S. at 307 n. 5. *See also In re Time Const., Inc.*, 43 F.3d 1041, 1045 (6th Cir. 1995) (bankruptcy court's jurisdiction not dependent on proceeding being against the debtor or the debtor's property). For this reason, Appellants' assertion that the bankruptcy court lacks jurisdiction simply because there is no claim against Debtor is not well-taken.

Debtor is a party to the agreement that underlies this litigation. Appellants have not address whether the adjudication involving an agreement to which Debtor was a party could alter Debtor's rights, opinions, or freedom of action. The fact that Appellants decided not to pursue Debtor

4

because they believed that Debtor did not have enough money to satisfy a judgment does not mean that the adjudication of the rights under the underlying agreement would not have any effect on the administration of the bankruptcy estate. Based on the lack of argument on this point, the Court is not inclined to grant leave to appeal.

Appellants also argue that this case was improperly removed to the bankruptcy court by Debtor, who Appellants argue was not a party in the state court litigation. Appellants have framed the issue on appeal as whether the bankruptcy court has subject matter jurisdiction under § 1334(b). It is unclear if Appellants mention improper removal under 28 U.S.C. § 1452(a) to merely underscore their argument that Debtor does not have a claim in this litigation and therefore the bankruptcy court does not have jurisdiction under § 1334(b), or if Appellants are arguing that improper removal under § 1452(a) independently defeats subject matter jurisdiction, even if the bankruptcy court otherwise has jurisdiction under § 1334(b). This matter is not sufficiently addressed for the Court to rule on the issue on an interlocutory appeal, particularly when the challenged interlocutory order is an order of interpleader, rather than the order denying remand.

Additionally, the Court notes that Appellants have cited a Texas state court case in support of their argument that Debtor, who was named as a defendant but was not served with process and had not appeared at the time of removal, is not a party in this litigation. However, whether a party is entitled to removal is a question better addressed by federal law, rather than state law. For the purposes of removal, federal law determines who is a plaintiff and who is a defendant, and a state's procedural provisions cannot govern the privilege of removal granted by federal statute. *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954).

Given the broad nature of a bankruptcy court's subject matter jurisdiction, the Court finds

5

that Appellants have failed to show that interlocutory review of the bankruptcy court's jurisdiction is appropriate. Appellants' argument that a case not involving a claim by or against the debtor cannot be within the bankruptcy court's jurisdiction is contrary to Sixth Circuit precedent. *In re Time Const., Inc.*, 43 F.3d at 1045. Additionally, the Court considers appeal from an interlocutory order of interpleader to be an inappropriate vehicle for bringing a challenge to the bankruptcy court's denial of remand. As such, the Court declines to grant Appellants leave to appeal the interlocutory order of interpleader.

Because leave to appeal has not been granted, the Court does not have jurisdiction over this matter. Appellees' motion to dismiss is therefore GRANTED, and this appeal is DISMISSED for lack of jurisdiction.

IT IS SO ORDERED.